IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2016 JAN 29 PM 4:00
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| INDY FOUNDERS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>VOX MEDIA, INC. and<br>THE VERGE GROUP LLC,<br><br>Defendants. | Civil No.<br><br>JURY TRIAL DEMANDED<br><br>1:16-cv-0265 WTL-TAB |

**COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE RELIEF**

For its causes of action against Defendants, Plaintiff, Indy Founders LLC d/b/a Verge ("Verge") states as follows:

**Introduction**

1. This is an action for injunction, damages, and other appropriate relief arising out of Defendants' violations of the Lanham Act, 15 U.S.C. §1114(a), 15 U.S.C. §1125(a) and, 15 U.S.C. §1117(c), as well as Defendants' unfair competition.

2. Verge, as a holder of a federal registration and common law rights to the trademark VERGE, seeks damages and relief to enjoin defendants' wrongful use of Verge's trademark in commerce.

**Parties, Jurisdiction, and Venue**

3. Verge is an Indiana limited liability corporation organized and existing under the laws of the state of Indiana with a registered address located at 545 E. Westfield Blvd., Indianapolis, IN 46220.

4. Verge is informed and believes that defendant VOX Media, Inc. ("Vox") is a

1

Delaware corporation, is a partner and owner of defendant The Verge Group, LLC ("TVG"), owns, controls, and/or operates several other media companies, and does business over the Internet from an various websites, including but not limited to http://www.voxmedia.com/, offering goods and services to customers across the United States, including within the borders of Indiana.

5. Verge is informed and believes that defendant TVG is a Delaware limited liability corporation and does business over the Internet from various websites, including but not limited to http://www.theverge.com/, offering goods and services to customers across the United States, including within the borders of Indiana.

6. Jurisdiction of this Court is based on 28 U.S.C. § 1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1121 (United States Trademark Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

7. Venue is proper in this district under 28 U.S.C. §1391 (b) and (c).

### Factual Allegations

8. Verge incorporates by reference the allegations in paragraphs 1 - 7 above as if separately repeated here.

9. Verge is the owner of a federally registered trademark, VERGE (U.S. Reg. No. 4153192) as well as common law rights in that mark (the "Verge® Trademark").

10. The Verge® Trademark has been used in commerce since at least as early as January 31, 2011.

11. Verge is in the business of creating, providing, and offering the public online publications, blogs, articles, online journals, editorials, communities, networks, and websites for

2

startup tech entrepreneurs, investors, and collaborators in the field of consumer product information, industry information, entrepreneurship, news, reviews, as well as organizing, promoting and conducting trade shows, events, exhibitions, fairs, and conferences in the fields of electronic consumer innovation, commerce, products, and technology.

12.  Verge operates its business and offers goods and services for sale under the Verge® Trademark.

13.  Verge operates a number of webpages, including but not limited to http://vergehq.com/, among other sites.

14.  Verge has priority in the Verge® Trademark over Defendants.

15.  Verge's uses the Verge® Trademark in commerce throughout the United States to distinguish its services from similar or identical services sold by others, including competitors.

16.  The Verge® Trademark is distinctive and/or has developed secondary meaning and significance in the minds of the purchasing public.

17.  The Verge® Trademark has become a valuable asset of Verge as result of the goodwill and recognition the Verge® Trademark enjoys among the consuming public, goodwill and recognition developed, in part, through related advertising and sales.

18.  Defendants are engaged in the business of, among other things, advertising, selling, and providing services that are similar or identical those provided by Verge, including online publications, blogs, articles, and marketing related to the tech industry, and entrepreneurs, professionals, and investors in that industry.

19.  Defendants also use the VERGE mark in association with organizing, promoting and conducting trade shows, events, exhibitions, fairs, and conferences in the fields of electronic consumer products and technology.

20. Verge used, and continues to use, its registered Verge® Trademark in association with organizing, promoting and conducting trade shows, events, exhibitions, fairs, and conferences in the fields of electronic consumer products and technology prior to any and all similar use by Defendants.

21. Defendants are using a mark that has an identical connotation/meaning, and is both visually and phonetically similar or identical to the Verge® Trademark in connection with their business, THE VERGE, and in their business' domain name, http://www.theverge.com/.

22. Defendants first used the VERGE mark subsequent to Verge's first use of the Verge® Trademark in US commerce and Verge has priority in the Verge® Trademark.

23. Defendants have not received permission to use the Verge® Trademark, or any similar mark, from Verge.

24. Defendants were at a minimum constructively aware, but were perhaps on actual notice, of Verge's existence at the time they adopted use of the term VERGE and willfully and intentionally engaged in their business using the term VERGE with the knowledge that the Verge® Trademark is the federally registered and common law property of Verge and that the advertisement, sale and marketing of Defendants' goods and services using the Verge® Trademark was unauthorized.

25. Defendants' conduct of advertising, selling and marketing its services using the Verge® Trademark without permission is a deliberate attempt to trade on the valuable trademark rights and goodwill developed and established by Verge.

26. Defendants engaged in the unauthorized use of the Verge® Trademark in conjunction with their business with the intent that Defendants' use of the mark VERGE would cause confusion, mistake or deception among members of the general consuming public.

27. Defendants have traded on, and profited from, the valuable goodwill and reputation developed and cultivated by Verge.

### Count I: Trademark Infringement

28. Verge incorporates by reference the allegations in paragraphs 1 - 27 above as if separately repeated here.

29. Defendants' conduct as described herein violates 15 U.S.C. §1114(1), which specifically forbids Defendants to:

    a. use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

    b. reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

30. Defendants' conduct also constitutes common law trademark infringement.

31. These wrongful acts were committed with knowledge that such imitation, as described, were intended to be used to cause confusion, or to cause mistake, or to deceive.

32. As a result of Defendants' conduct, Verge has been damaged and is entitled to damages, including but not limited to, Defendants' profits from the sale of all infringing goods/services, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

### Count II: False Designation Of Origin

33. Verge incorporates by reference the allegations in paragraphs 1 - 32 above as if separately repeated here.

34. Defendants' conduct as described herein violates 15 U.S.C. §1125(a)(1)(A), which specifically prohibits it from making:

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

35. Verge has been damaged and/or is likely to be damaged by the wrongful conduct of Defendants.

36. Defendants' violations of 15 U.S.C. §1125(a) entitle Verge to recover damages, including but not limited to, Defendants' profits from the sale of all infringing services and products, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

### Count III: Unfair Competition

37. Verge incorporates by reference the allegations in paragraphs 1 - 36 above as if separately repeated here.

38. Defendants' unlawful and unauthorized use of the Verge® Trademark constitutes unfair competition with Verge.

39. Defendants' conduct was, and continues to be, designed to cause confusion in the public mind as to the source and origin of such unauthorized products and services by, among other things, unfairly imitating Verge's Verge® Trademark.

40. Defendants' conduct was, and continues to be, calculated to cause damage to Verge in its lawful business and done with the unlawful purpose of causing such damage without

right or justifiable cause.

41.     Defendants' conduct as described herein has directly and proximately caused Verge to incur substantial monetary damages.

42.     Defendants acted willfully and maliciously and with full knowledge of the adverse effect of his wrongful conduct upon Verge and with the conscious disregard for the rights of Verge.

43.     Defendants' unfair competition entitles Verge to recover damages including, but not limited to, Defendants' profits from the sale of the infringing products/services, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

### Count IV: Declaratory Judgment

44.     Verge incorporates by reference the allegations in paragraphs 1 - 43 above as if separately repeated here.

45.     An actual controversy has arisen and now exists between Verge and Defendants regarding Defendants' unauthorized and unlicensed use of the Verge® Trademark by Defendants in their advertising, sale and distribution of unlicensed goods and services.

46.     Defendant Vox owns US Trademark Application No. 85494181 and US Trademark Registration 1138400 ("Vox Registrations") that memorialize some of the goods and services used by Defendants which infringe Verge's trademark rights.

47.     The dispute between the parties includes, but is not limited to, whether Defendants have violated §§ 1114(1) and 1125(a) of Title 15 of the United States Code, infringed Verge's common law trademark rights, or has otherwise engaged in unfair competition.

48.     Verge desires a judicial determination of the rights of Verge and Defendants regarding the rights to usage of the Verge® Trademark and that the Vox Registrations be deemed

invalid and refused and/or canceled. Such a determination is necessary and appropriate at this time.

### Count V: IN Crime Victims Act
### Forgery - IC §35-43-5-2

49. Verge incorporates by reference the allegations in paragraphs 1 - 48 above as if separately repeated here.

50. Defendants knowingly or intentionally made or uttered a written instrument in such a manner that it purported to have been made by Verge.

51. Defendants possessed more than one (1) written instrument knowing that the written instruments were made in a manner that they purported to have been made by another person.

52. Defendants, with the intent to defraud, made, uttered or possessed a written instrument in such a manner that it purports to have been made by another person, in this case Verge.

53. Verge did not give Defendants the authority to make or possess or disseminate the Verge® Trademark.

54. Defendants' acts have damaged and will continue to damage Verge, and Verge has no adequate remedy at law.

55. Defendants are progressively encroaching further and further into Verge's sphere of use and natural expansion.

56. In addition to injunctive relief, Verge also seeks an award of actual damages, treble damages, costs and attorney's fees, and reasonable litigation expenses pursuant to the Indiana Crime Victims Act, IC §34-24-3-1, for pecuniary losses resulting from Defendants' forgery even though monetary damages alone are inadequate to fully compensate Verge for

Defendants' conduct.

### Count VI:  Preliminary and Permanent Injunctive Relief

57. Verge incorporates by reference the allegations in paragraphs 1 - 56 above as if separately repeated here.

58. As a result of Defendants' violation of the Lanham Act, Defendants' unfair competition, as well as other causes of action stated herein, Verge has suffered and will continue to suffer irreparable harm to their businesses and business' reputation.

59. If Defendants are not enjoined from using the Verge® Trademark, Verge will continue to suffer irreparable harm.

60. Verge is entitled to a preliminary and permanent injunction prohibiting Defendants from marketing, distributing, promoting, or otherwise selling any services utilizing the Verge® Trademark, and other fair and equitable relief.

### Count VII: Corrective Advertising

61. Verge incorporates by reference the allegations in paragraphs 1 - 60 above as if separately repeated here.

62. Defendants have published, promoted and advertised material regarding the goods and services they have sold, and continue to sell, under the infringing term VERGE at live events and on websites, their use being confusingly similar to, and likely to be confused with, the Verge® Trademark.

63. Such publication and advertising was, and is, unauthorized, and the acts of publishing and advertising, standing alone, are wrongful and caused damages to Verge.

64. Verge seeks an award of such damages necessary to remedy those wrongs and to correct the misinformation in the marketplace resulting from the unauthorized and unlawful

publications and advertisements.

## Prayer For Relief

**WHEREFORE**, Verge seeks the following relief:

a.  A declaratory judgment that Defendants have:

    (i)  Violated 15 U.S.C. § 1114 and other statutory and common law authority by infringing upon the Verge® Trademark; and

    (ii)  Violated 15 U.S.C. § 1125(a) and other statutory and common law authority by falsely designating the origin of goods or engaging in false or misleading descriptions or representations of fact with respect to the origin of goods in a manner likely to cause confusion, mistake or deception among consumers as to the affiliation, connection or association of Defendants and Defendants' services with Verge; and

    (iii)  Violated IC §35-43-5-2 and other statutory authority by infringing upon the Verge® Trademark and committing forgery under Indiana law.

    (iv)  Engaged in unfair competition by causing confusion in the minds of consumers and general public as to the source and sponsorship of services sold by Defendants; and

b.  That, pursuant to 15 U.S.C. § 1116, Defendants and their owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

    (i)  Infringing on the Verge® Trademark in any manner; and

    (ii)  Manufacturing, marketing, advertising, selling, promoting, licensing, exhibiting or displaying any product or service using the Verge® Trademark; and

    (iii) Otherwise infringing on the Verge® Trademark, or any confusingly similar mark; and

    (iv) Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendants' services are endorsed by Verge or any related company, sponsored by Verge or any related company, or are connected in any way with Verge or any related company; and

    (v) Using the Verge® Trademark in any manner whatsoever;

    (vi) Using the http://www.theverge.com/ domain name, or any confusingly similar domain name, linked domain, or sub-domain;

    (vii) Holding itself out as a licensee or otherwise authorized user of the Verge® Trademark; and

    (viii) Using the Verge® Trademark in promotional literature or materials, including those posted on the Internet.

  c. That, pursuant to 15 U.S.C. § 1117, Verge be awarded such damages available under the Lanham Act, including but not limited to, actual damages, statutory damages, Defendants' profits, treble damages, costs of suit and attorney's fees;

  d. That Defendants be required to sign over the domain name http://www.theverge.com/ to Verge;

  e. That Verge be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements and publications;

  f. That the Vox Registrations be canceled and/or refused registration;

  g. That Verge be awarded such other damages, including but not limited to, punitive damages, to which may show itself entitled to recover;

    h.       That Verge be awarded actual damages, treble damages, costs and attorney's fees, and reasonable litigation expenses pursuant to the Indiana Crime Victims Act, IC §34-24-3-1.

    i.       All other just and proper relief.

### Jury Demand

Verge demands a trial by jury on all issues so triable.

_/s/ Jonathan G. Polak_

JONATHAN G. POLAK
M. ZACH GORDON
TAFT, STETTINIUS & HOLLISTER, LLP
ONE INDIANA SQUARE, SUITE 3500
INDIANAPOLIS, INDIANA 46235
(317) 713-3500
JPOLAK@TAFTLAW.COM
ZGORDON@TAFTLAW.COM

ATTORNEYS FOR PLAINTIFF