UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDY FOUNDERS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VOX MEDIA, INC. and | ) |
| THE VERGE GROUP LLC, | ) |
| | ) |
| Defendants. | ) |
| ------------------------------------------------- | ) Case No. 1:16-cv-00265-WTL-TAB |
| VOX MEDIA, INC., | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INDY FOUNDERS LLC and | ) |
| MATT HUNCKLER, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**DEFENDANT VOX MEDIA INC.'S ANSWER
TO COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Defendant Vox Media, Inc. ("Vox Media"), by and through its undersigned counsel,

hereby answers the Complaint of plaintiff Indy Founders LLC ("Plaintiff" or "IFL") as follows:

**<u>Introduction</u>**

1.      To the extent the allegations in Paragraph 1 of the Complaint assert conclusions

of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 1 of

the Complaint are deemed allegations of fact, Vox Media denies each and every allegation

thereof, except admits that Plaintiff purports to bring claims under the Lanham Act and for

alleged unfair competition seeking damages, injunctive relief and other relief.

2.      To the extent the allegations in Paragraph 2 of the Complaint assert conclusions

of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 2 of

the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof, except Vox Media admits that Plaintiff has registered the trademark VERGE (Registration No. 4153192) with the United States Patent and Trademark Office ("PTO").

<u>**Parties, Jurisdiction and Venue**</u>

3.      Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.      Vox Media admits that it is a Delaware corporation; denies that it is a partner and owner of defendant The Verge Group, LLC; admits that it owns, controls and/or operates several media brands; admits that Vox Media does business over the Internet from various websites, including but not limited to the website located at http://www.voxmedia.com/, offering services to customers across the United States, including within the borders of Indiana; and otherwise denies each and every allegation of Paragraph 4.

5.      Vox Media denies that defendant The Verge Group, LLC does business from the website located at http://www.theverge.com and otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.      To the extent the allegations in Paragraph 6 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 6 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

7.      To the extent the allegations in Paragraph 7 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto. However, Vox Media does not contest that venue is proper in this judicial district.

**Factual Allegations**

8.      Vox Media incorporates by reference its responses in Paragraphs 1-7 above as if fully set forth herein.

9.      To the extent the allegations in Paragraph 9 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 9 of the Complaint are deemed allegations of fact, Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them, except Vox Media admits that Plaintiff has registered the trademark VERGE with the PTO.

10.      To the extent the allegations in Paragraph 10 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 10 of the Complaint are deemed allegations of fact, Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

11.      Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.      To the extent the allegations in Paragraph 12 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 12 of the Complaint are deemed allegations of fact, Vox Media admits that Verge purports to offer goods and/or services under the VERGE trademark, and is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

13.      Vox Media admits, on information and belief, that Verge operates the website http://vergehq.com, and is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

14.     Vox Media denies that Plaintiff has priority in the VERGE trademark over Vox Media and avers that Vox Media has priority in the VERGE trademark over Plaintiff.

15.     To the extent the allegations in Paragraph 15 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 15 of the Complaint are deemed allegations of fact, Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

16.     To the extent the allegations in Paragraph 16 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 16 of the Complaint are deemed allegations of fact, Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

17.     To the extent the allegations in Paragraph 17 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 17 of the Complaint are deemed allegations of fact, Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

18.     To the extent the allegations in Paragraph 18 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 18 of the Complaint are deemed allegations of fact, Vox Media admits that it is in the business of, among other things, providing "online publications, blogs, and articles," which are supported by advertising sold to appear on its sites and properties; admits that it does business with advertisers in the field of technology and in other fields; and is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

19.    To the extent the allegations in Paragraph 19 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 19 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

20.    To the extent the allegations in Paragraph 20 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 20 of the Complaint are deemed allegations of fact, Vox Media is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

21.    To the extent the allegations in Paragraph 21 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 21 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof, except Vox Media avers that it owns a federal registration and common law rights in the trademark THE VERGE and admits that it uses its trademark THE VERGE.

22.    To the extent the allegations in Paragraph 22 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 22 of the Complaint are deemed allegations of fact, Vox Media denies that it first used its THE VERGE mark subsequent to Plaintiff's first use of the VERGE trademark in connection with any of the following goods and services: providing consumer product information via the Internet and other communications networks; providing consumer information and related news in the fields of consumer products and technology; promoting the goods and services of others by providing a website featuring product reviews; online journals, namely, blogs featuring consumer products and technology excluding audio only radio programs; editorial reporting services in the field of consumer products and technology excluding audio only radio programs;

5

entertainment services, namely, online video series in the field of electronic consumer products and technology, excluding audio-only radio programs; and organizing, promoting and conducting trade shows, events, exhibitions, fairs, and conferences in the fields of electronic consumer products and technology ("Vox Media's Goods and Services"). Vox Media further denies that Plaintiff has priority in the VERGE trademark over Vox Media, avers that Vox Media has priority in the VERGE trademark over Plaintiff and otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.     To the extent the allegations in Paragraph 23 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 23 of the Complaint are deemed allegations of fact, Vox Media admits that it has not sought or received permission to use THE VERGE or any similar mark from Plaintiff and avers that it did not need such permission and was not aware of Plaintiff prior to Plaintiff filing this lawsuit.

24.     To the extent the allegations in Paragraph 24 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 24 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

25.     To the extent the allegations in Paragraph 25 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 25 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

26.     To the extent the allegations in Paragraph 26 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 26

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

27.     To the extent the allegations in Paragraph 27 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 27 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

## Count I: Trademark Infringement

28.     Vox Media incorporates by reference its responses in paragraphs 1-27 above as if fully set forth herein.

29.     To the extent the allegations in Paragraph 29 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 29 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

30.     To the extent the allegations in Paragraph 30 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 30 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

31.     To the extent the allegations in Paragraph 31 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 31 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

32.     To the extent the allegations in Paragraph 32 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 32

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

## Count II: False Designation of Origin

33.     Vox Media incorporates by reference its responses in paragraphs 1-32 above as if fully set forth herein.

34.     To the extent the allegations in Paragraph 34 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 34 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

35.     To the extent the allegations in Paragraph 35 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 35 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

36.     To the extent the allegations in Paragraph 36 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 36 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

## Count III: Unfair Competition

37.     Vox Media incorporates by reference its responses in paragraphs 1-36 above as if fully set forth herein.

38.     To the extent the allegations in Paragraph 38 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 38

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

39.     To the extent the allegations in Paragraph 39 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 39 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

40.     To the extent the allegations in Paragraph 40 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 40 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

41.     To the extent the allegations in Paragraph 41 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 41 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

42.     To the extent the allegations in Paragraph 42 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 42 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

43.     To the extent the allegations in Paragraph 43 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 43 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

## Count IV: Declaratory Judgment

44.     Vox Media incorporates by reference its responses in paragraphs 1-43 above as if fully set forth herein.

45.     To the extent the allegations in Paragraph 45 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 45 of the Complaint are deemed allegations of fact, Vox Media admits an actual case or controversy exists between Vox Media and IFL, with regard to ownership of the VERGE mark, and otherwise denies each and every allegation thereof.

46.     Vox Media admits that it owns U.S. Trademark Registration Nos. 4240162 (for THE VERGE) and 4352413 (for ON THE VERGE) and U.S. Trademark application Serial No. 85494181 (for THE VERGE) and otherwise denies each and every allegation of Paragraph 46.

47.     To the extent the allegations in Paragraph 47 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 47 of the Complaint are deemed allegations of fact, Vox Media admits that the parties' dispute their respective trademark rights under the Lanham Act and common law, and otherwise denies each and every allegation thereof.

48.     Vox Media admits that Plaintiff purports to seek a judicial determination of its and Vox Media's rights to use of the VERGE and THE VERGE trademarks and that Vox Media's trademark registrations be deemed invalid and refused and/or canceled; admits a determination of the ownership of the VERGE mark is necessary and appropriate; and otherwise denies each and every allegation of Paragraph 48.

### Count V: IN Crime Victims Act
### Forgery – IC § 35-43-5-2

49.     Vox Media incorporates by reference its responses in paragraphs 1-48 above as if fully set forth herein.

50. To the extent the allegations in Paragraph 50 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 50 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

51. To the extent the allegations in Paragraph 51 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 51 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

52. To the extent the allegations in Paragraph 52 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 52 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

53. To the extent the allegations in Paragraph 53 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 53 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

54. To the extent the allegations in Paragraph 54 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 54 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

55. To the extent the allegations in Paragraph 55 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 55

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

56.     Vox Media admits that Plaintiff purports to seek injunctive relief and damages and otherwise denies each and every allegation of Paragraph 56.

## Count VI: Preliminary and Permanent Injunctive Relief

57.     Vox Media incorporates by reference its responses in paragraphs 1-56 above as if fully set forth herein.

58.     To the extent the allegations in Paragraph 58 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 58 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

59.     To the extent the allegations in Paragraph 59 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 59 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

60.     To the extent the allegations in Paragraph 60 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 60 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

## Count VII: Corrective Advertising

61.     Vox Media incorporates by reference its responses in paragraphs 1-60 above as if fully set forth herein.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

62.     To the extent the allegations in Paragraph 62 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 62 of the Complaint are deemed allegations of fact, Vox Media avers that it owns a federal registration and common law rights in the trademark THE VERGE and admits that it uses its trademark THE VERGE at live events and on websites and otherwise denies each and every allegation of Paragraph 62.

63.     To the extent the allegations in Paragraph 63 of the Complaint assert conclusions of law, Vox Media is not required to plead thereto; to the extent the allegations in Paragraph 63 of the Complaint are deemed allegations of fact, Vox Media denies each and every allegation thereof.

64.     Vox Media admits that Plaintiff purports to seek damages and otherwise denies each and every allegation of Paragraph 64.

## Prayer for Relief

Vox Media denies that Plaintiff is entitled to any type of remedy, relief or damages, including the relief requested in Plaintiff's Prayer for Relief.

## Defenses

To the extent that it is Plaintiff's burden to prove any of the issues raised in the affirmative defenses set forth below, Vox Media hereby preserves, and does not waive, its legal position that Plaintiff maintains the burden of proof on those issues. Vox Media reserves the right to amend its Answer to assert such additional defenses as may later become available or apparent to it.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

## First Defense (Non-Existence of Plaintiff)

Plaintiff's claims are barred in whole or in part due to the administrative dissolution of Plaintiff.

## Second Defense (Failure to State a Claim for Relief)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## Third Defense (Invalidity of Marks)

Plaintiff's claims are barred in whole or in part because Plaintiff's trademarks are invalid.

## Fourth Defense (Fraud on the PTO)

Plaintiff's claims are barred in whole or in part by their commission of fraud on the patent and trademark office.

## Fifth Defense (Statutes of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## Sixth Defense (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## Seventh Defense (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages, if any.

## Eighth Defense (Unclean Hands)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## Ninth Defense (Abandonment and Acquiescence)

Plaintiff's claims are barred in whole or in part by the doctrines of abandonment and acquiescence.

## Tenth Defense (Innocent Intent)

Plaintiff's damages, if any, are limited by Vox Media's innocent intent.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

### Eleventh Defense (Injury Caused by Others)

Plaintiff's claims are barred in whole or in part because any damages allegedly suffered by Plaintiff were either wholly or in part the legal fault of persons, firms, corporations, or entities other than Vox Media, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Vox Media.

### Twelfth Defense (Good Faith)

Plaintiff's claims are barred in whole or in part because Vox Media's conduct was reasonable, justified and in good faith.

### Thirteenth Defense (No Damages)

Plaintiff did not incur any damages or loss as a result of any act or conduct by Vox Media.

### Fourteenth Defense (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Fifteenth Defense (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Sixteenth Defense (Lack of Volitional Act)

Vox Media's actions were not willful.

### Seventeenth Defense (Speculative Damages)

Plaintiff has suffered no damage as a result of the acts alleged to have been committed and any damages alleged are too speculative and imprecise.

### Eighteenth Defense (Failure to Plead Fraud with Specificity)

Count V of the Complaint fails to plead fraud with specificity as Federal Rule of Civil Procedure 9(b) requires.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

## COUNTERCLAIMS

Counterclaimant Vox Media hereby counterclaims and alleges against counterclaim defendants IFL and Matt Hunckler (together, "Counterclaim Defendants") as follows:

## Introduction

1.      Contrary to the allegations in IFL's Complaint, Vox Media's use of marks containing VERGE in connection with the publication of Internet blogs and other web-based information and entertainment precedes Counterclaim Defendants' activity in those areas. IFL was well aware that Vox Media owned such prior rights at the time it applied to register the mark VERGE in connection with Internet blogs and web-based information and entertainment. In fact, IFL's PTO application for this mark (Ser. No. 85501864) in connection with these services was initially refused by the PTO and is currently suspended pending disposition of senior applications filed by others for VERGE-based marks, including applications filed by Vox Media for its marks VERGE and ON THE VERGE (since registered as Reg. No. 4352413). IFL's use of the VERGE mark in connection with its website of the same name infringes Vox Media's rights in trademarks containing VERGE, and Vox Media thus seeks an injunction barring this trademark infringement and unfair competition, and a declaration of Vox Media's ownership of these marks and damages.

2.      On information and belief, Counterclaim Defendant Mr. Hunckler has personally taken part in or specifically directed employees and agents of IFL to undertake IFL's infringing activity. Additionally, at relevant times Mr. Hunckler was the sole shareholder, officer and/or director of IFL and is thus individually liable for trademark infringement by IFL. Vox Media thus seeks injunctions barring Mr. Hunckler's trademark infringement and unfair competition and damages.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

3.      IFL's existing registration for VERGE in connection with association services—on which it premises its Complaint—is invalid because—contrary to its fraudulent representations to the PTO—IFL did not provide such services at the time it filed a use-based application for this mark. Vox Media thus seeks cancellation of this registration with the PTO and damages.

### Parties

4.      Vox Media is a Delaware Corporation with its principal place of business at 104 W. 40th St, New York, NY 10018.

5.      On information and belief, IFL is or was an Indiana limited liability company organized and existing under the laws of the state of Indiana with its principal place of business at 545 E. Westfield Blvd., Indianapolis, IN 46220. Records maintained by the Indiana Secretary of State reflect that IFL was administratively dissolved on March 3, 2016.

6.      On information and belief, Matt Hunckler is an individual who resides at 545 E. Westfield Blvd., Indianapolis, IN 46220.

### Jurisdiction and Venue

7.      The Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. § 1338(a)-(b), 15 U.S.C. § 1221 and 28 U.S.C. § 1331.

8.      IFL has consented to the personal jurisdiction of this Court by filing its Complaint. Personal jurisdiction over IFL and Mr. Hunckler is proper because they are both residents of the State of Indiana and have both have purposefully availed themselves of the privileges of conducting business activities within the State of Indiana.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a)-(b).

17

**Factual Background**

***Vox Media and its The Verge Website***

10.    Vox Media is an award-winning digital media company and publisher of online

news and content. Among other things, Vox Media publishes the website "The Verge", located

at http://www.theverge.com/ (Vox Media's "The Verge Website"):



11.    Through The Verge Website, Vox Media publishes long-form journalism, news

stories, shorter "blog post" content, technology-focused product reviews and audiovisual

programming, including the editorial awards series "The Verge Awards," the web-based

television series "On The Verge" and podcasts "The Vergecast" and "The Verge Mobile Show,"

among other programming and editorial content. The Verge's content focuses on the ways in

which technology is changing culture. Stories on The Verge concern subject matters ranging

18

from science and technology to entertainment and transportation and analyze how we live now and how we will live in the future.

12.     Vox Media launched The Verge on November 1, 2011, and in its first month The Verge received 4 million unique visitors and 20 million page views. Presently, The Verge receives over 28 million unique visitors and over 50 million page views each month. Vox Media's The Verge Website is updated with approximately 1,000 new pieces each month, including long-form journalistic articles, news stories, product reviews, videos and audio podcast episodes.

13.     The Verge has received numerous awards and accolades, such as winning five "Webby" awards (including awards for Best Writing (Editorial), Best Podcast for The Vergecast, Best Visual Design, Best Consumer Electronics Site and the Best Mobile News App), being named an American Society of Magazine Editors 2014 National Magazine Awards finalist, being named one of Time's 50 Best Websites and being accepted into the prestigious AFI DOCS Film Festival.

14.     Vox Media owns all rights, title and interest in and to a family of trademarks that incorporate, in whole or in part, THE VERGE, including the following marks registered or pending with the United States Patent and Trademark Office ("PTO") (along with common law rights discussed below, Vox Media's "THE VERGE Marks"):

| Registration No. / Serial No. | Registration date | Application date | Mark | Goods and services |
|---|---|---|---|---|
| Reg. No. 4240162 | November 13, 2012 | June 2, 2011 | THE VERGE | Class 35: Providing consumer product information via the Internet and other communications networks; providing consumer information and related news in |

19

| | | | | the fields of consumer products and technology; promoting the goods and services of others by providing a website featuring product reviews.<br><br>Class 41: Online journals, namely, blogs featuring consumer products and technology excluding audio only radio programs; editorial reporting services in the field of consumer products and technology excluding audio only radio programs. |
|---|---|---|---|---|
| Reg. No. 4352413 | June 18, 2013 | November 22, 2011 | ON THE VERGE | Class 41: entertainment services, namely, an online video series in the field of electronic consumer products and technology, excluding audio-only radio programs. |
| Serial No. 85494181 | | December 13, 2011 | THE VERGE | Class 35: Organizing, promoting and conducting trade shows, events, exhibitions, fairs, and conferences in the fields of electronic consumer products and technology |

As memorialized in its federal registrations and application, Vox Media first used the mark THE VERGE in commerce on November 1, 2011—as stated above, with the launch of Vox Media's The Verge Website—and first used the mark ON THE VERGE in commerce on November 15, 2011.

15.     By virtue of its use of THE VERGE described above, Vox Media also owns a common law trademark in THE VERGE Marks in connection with goods and services including but not limited to: providing consumer product information via the Internet and other

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

communications networks; providing consumer information and related news in the fields of consumer products and technology; promoting the goods and services of others by providing a website featuring product reviews; online journals, namely, blogs featuring consumer products and technology excluding audio only radio programs; editorial reporting services in the field of consumer products and technology excluding audio only radio programs; entertainment services, namely, an online video series in the field of electronic consumer products and technology, excluding audio-only radio programs; and organizing, promoting and conducting trade shows, events, exhibitions, fairs, and conferences in the fields of electronic consumer products and technology. With these common law trademarks, Vox Media's THE VERGE Marks comprise a family of marks including THE VERGE, ON THE VERGE, THE VERGECAST, THE VERGE MOBILE SHOW, THE VERGE AWARDS and others.

**IFL and its Verge "Meetup" and Entrepreneurship Operation**

16.     On information and belief, IFL is an Indianapolis-based company that has hosted local meetups for tech entrepreneurs in the Indianapolis area beginning in 2011.

17.     On information and belief, Mr. Hunckler founded IFL and solely controls, or for much of IFL's history solely controlled, IFL. On information and belief, Mr. Hunckler was IFL's sole employee for much of IFL's history.

18.     On information and belief, IFL operates a website called Verge located at http://www.vergehq.com (IFL's "Verge Website"). On information and belief, Mr. Hunckler created or directed creation of IFL's Verge Website. The domain name "vergehq.com" was registered on January 27, 2014. The website contains a blog that appears to be updated with 3-5 short articles each month related to developing technology startups:

21



19.     On August 23, 2011 the PTO issued to IFL federal trademark Registration No. 4153192 for the mark VERGE covering the following class 35 goods and services: "Association services, namely, promoting the interests of entrepreneurs and software developers" (IFL's "VERGE Mark"). IFL claimed a first use in commerce of this VERGE Mark of February 1, 2011 and submitted a specimen in connection with its application for the mark consisting of a Facebook page describing IFL's business as follows:

> Verge is a group of entrepreneurs and developers who are making things happen. If you're passionate about tech startups, check us out: http://www.meetup.com/vergeindy[.] Verge is for all people in the Indianapolis-area interested in startups. We are the best event for meeting and hanging out with other Indianapolis entrepreneurs.
>
> So whether you've founded a startup, hack at a startup, or both, you're likely to have a good time and make some great connections at our monthly meetup.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

A copy of this specimen is attached hereto as <u>Exhibit A</u>.

20.     On information and belief, when IFL filed its use-based application for the VERGE Mark, IFL was not using that mark in interstate commerce on or in connection with the association services listed in the application and resulting registration. On information and belief, IFL never used, and still is not using, the mark VERGE in interstate commerce on or in connection with the association services listed in Registration No. 4153192.

21.     In support of its application for its VERGE Mark, a representative of IFL declared pursuant to 18 U.S.C. Section 1001 that, among other things, IFL was the owner of the VERGE mark; to the best of the representative's knowledge and belief no other person or entity had the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that IFL began using the mark for the covered association services at least as early as January 31, 2011; and that all the representative's statements are true.

22.     On December 22, 2011—notably almost six months after Vox Media had applied for its THE VERGE Marks—IFL applied to the PTO for the mark VERGE, application Serial No. 85501864, for use in connection with the class 41 goods and services: "Educational services, namely, conducting classes, seminars, conferences, and workshops in the field of technology, entrepreneurship and start-up businesses and distribution of educational materials in connection therewith; On-line journals, namely, blogs featuring technology, entrepreneurship and start-up business content; providing a website featuring blogs and non-downloadable publications in the nature of blog posts, articles, podcasts and videocasts in the fields of technology, entrepreneurship and start-up business content" (IFL's "VERGE Application").

23

23.   IFL's specimens filed with the PTO for its VERGE Application consisted of a screenshot from the third-party event website Meetup.org of event information for an Indianapolis entrepreneur meetup, a Meetup.org message board post describing that event and a video posted to the third-party video website Vimeo advertising IFL's Indianapolis meetup events.

24.   On information and belief, when IFL filed its use-based VERGE Application, IFL was not using that mark in commerce on or in connection with online journals or websites featuring blogs, blog posts, articles, podcasts and videocasts, as listed in the application.

25.   In support of its VERGE Application, a representative of IFL declared pursuant to 18 U.S.C. Section 1001 that, among other things, IFL was the owner of the VERGE mark; to the best of the representative's knowledge and belief no other person or entity had the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; that IFL began using the mark for the covered association services at least as early as February 5, 2011; and that all the representative's statements are true.

26.   On information and belief, IFL had knowledge of Vox Media's prior pending trademark applications and rights in the mark VERGE at the time IFL filed application Serial No. 85404792. IFL received written notice of Vox Media's prior rights in the mark VERGE at the time that the Patent and Trademark Office examining attorney cited Vox Media's applications for the mark VERGE—among other cited applications—against IFL as a potential reason to refuse registration, should that or any of the other marks register. Two of Vox Media's cited applications later matured into Vox Media's registered THE VERGE Marks. IFL's

24

application for VERGE, Serial No. 85404792, is currently suspended pending processing of the third-party applications cited against IFL.

### First Claim for Relief
### Trademark Infringement (15 U.S.C. §1114) (against Counterclaim Defendants)

27.     Vox Media incorporates by reference paragraphs 1-26 above as if fully set forth herein.

28.     Vox Media's THE VERGE Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and incalculable value. The VERGE Marks are arbitrary and fanciful or suggestive, and each of them has acquired secondary meaning. They have become universally associated in the public mind with Vox Media's products and services of the very highest quality and reputation finding their source from Vox Media. Vox Media coined and popularized its THE VERGE Marks by reason of their publication, promotion and advertising of its The Verge Website, such that the consuming public readily associates those terms with, and knows that they emanate from, Vox Media.

29.     Without Vox Media's authorization or consent, and having knowledge of Vox Media's well-known and prior rights in its THE VERGE Marks, Counterclaim Defendants have advertised, offered for sale and/or sold goods or services of the type for which Vox Media's THE VERGE Marks were registered to the consuming public under and/or bearing the VERGE Mark, including publishing a blog featuring technology and editorial reporting services in the field of technology, in direct competition with Vox Media's promotion and sale of its goods and services, in or affecting interstate commerce.

30.     Counterclaim Defendants' use of the VERGE Mark is likely to cause and is causing confusion, mistake and deception among the general consuming public as to the origin of the Verge Website, and such use is likely to and does deceive the public into believing the

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

Verge Website originates from, is associated with or is otherwise authorized by Vox Media, to the damage and detriment of Vox Media's reputation and goodwill.

31.     As a result of Counterclaim Defendants' activities, Vox Media has been damaged in an amount to be proven at trial, which is not currently ascertainable.

32.     As a direct and proximate result of Counterclaim Defendants' acts and conduct, Vox Media has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Counterclaim Defendants will continue to infringe Vox Media's exclusive rights in its THE VERGE Marks. Vox Media is entitled to preliminary and permanent injunctive relief.

33.     Counterclaim Defendants' acts demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Vox Media's THE VERGE Marks to Vox Media's great and irreparable injury. Vox Media is entitled to injunctive relief and to recover Counterclaim Defendants' profits, actual damages and costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Second Claim for Relief
### Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a)) (against Counterclaim Defendants)

34.     Vox Media incorporates by reference paragraphs 1-33 above as if fully set forth herein.

35.     The goods and services advertised, sold and offered for sale by Counterclaim Defendants are of the same nature and type as the goods and services advertised sold and offered for sale by Vox Media, and, as such, Counterclaim Defendants' use of the VERGE Mark is likely to cause confusion to the general purchasing public.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

36.     By misappropriating and using the VERGE Mark and trade names on its Verge Website, Counterclaim Defendants misrepresent and falsely describe to the general public the origin and source of the Verge Website and creates a likelihood of confusion by consumers as to the source of the Verge Website and goods and services advertised, offered for sale and sold in connection therewith.

37.     Counterclaim Defendants' aforesaid acts are in violation of 15 U.S.C. § 1125(a), in that Counterclaim Defendants' use of VERGE Mark, in connection with its goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

38.     As a result of Counterclaim Defendants' activities, Vox Media has been damaged in an amount to be proven at trial, which is not currently ascertainable.

39.     As a direct and proximate result of Counterclaim Defendants' acts and conduct, Vox Media has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Counterclaim Defendants will continue to violate 15 U.S.C. § 1125(a). Vox Media is entitled to preliminary and permanent injunctive relief.

### Third Claim for Relief
### Common Law Unfair Competition (against Counterclaim Defendants)

40.     Vox Media incorporates by reference paragraphs 1-39 above as if fully set forth herein.

41.     As a result of Vox Media's hard work in publication, promotion and advertising of its The Verge Website, Vox Media has built-up valuable good will in its THE VERGE Mark. As such, Vox Media's THE VERGE Marks have become associated with Vox Media's The Verge Website and have come to symbolize the reputation for quality and excellence of the same.

DWT 29099168v8 0099704-000004
DWT 29099168v9 0099704-000004

42.     Counterclaim Defendants, with full knowledge of Vox Media's THE VERGE Marks, intended to and did trade on the goodwill associated with those Marks.

43.     Counterclaim Defendants' acts have misled and continue to mislead and deceive the public as to the source of IFL's Verge Website, permit and accomplish passing off of the Verge Website as that of Vox Media, and falsely suggest a connection with Plaintiff.

44.     Therefore, Counterclaim Defendants have committed unfair competition, through both "passing off" and trade name infringement, in violation of Indiana common law.

45.     As a direct and proximate result of Counterclaim Defendants' conduct, Vox Media has suffered damage to its valuable trademarks in an amount to be ascertained at trial.

46.     Vox Media does not have an adequate remedy at law, and will continue to be damaged by Counterclaim Defendants' conduct unless this Court enjoins Counterclaim Defendants from such fraudulent business practices.

**Fourth Claim for Relief**
**Declaratory Judgment of Ownership (against IFL)**

47.     Vox Media incorporates by reference paragraphs 1-46 above as if fully set forth herein.

48.     As detailed above, Vox Media owns prior rights to the use of marks incorporating VERGE in connection with, among other things, online journals, namely, blogs featuring technology and editorial reporting services in the field of technology; and entertainment services, namely, an online video series in the field of electronic consumer products and technology, excluding audio-only radio programs.

49.     As evidenced by its VERGE Application and its Complaint, IFL claims that it is the rightful owner of the aforesaid marks and has the right to use them in connection with Vox Media's Goods and Services in interstate commerce.

28

50.     An actual case or controversy exists between Vox Media and IFL, with regard to ownership of the VERGE mark.

51.     Vox Media seeks a declaration that it is the rightful owner of all right, title and interest in and to the mark VERGE used in connection with Vox Media's Goods and Services.

52.     Vox Media has no adequate remedy at law.

**Fifth Claim for Relief**
**Cancellation of Registered Trademarks (15 U.S.C. §§ 1064 & 1119) (against IFL)**

53.     Vox Media incorporates by reference paragraphs 1-52 above as if fully set forth herein.

54.     On or about June 5, 2012, the PTO issued IFL a federal trademark registration for the VERGE Mark.

55.     In connection with its application for the VERGE Mark, IFL represented to the PTO that it was the lawful owner of the aforesaid marks, and that no other person had the right or authority to use the marks in commerce. IFL also represented that as of the filing date of the application IFL was using the VERGE Mark in connection with association services. The aforesaid representation was false and known to be false by IFL at the time it made it.

56.     Vox Media believes that it has been and will be damaged and the public is likely to be confused by reason of the registrations of the VERGE Mark held by IFL on the PTO's principal register.

57.     Vox Media seeks an order cancelling IFL's VERGE Mark registrations on the grounds of priority of use, ownership, likelihood of confusion and dilution, and fraud on the PTO.

58.     Vox Media has no adequate remedy at law.

29

**Sixth Claim for Relief**
**Fraud on the PTO (against IFL)**

59.     Vox Media incorporates by reference paragraphs 1-58 above as if fully set forth herein.

60.     On information and belief, Registrant was not using its alleged mark for association services at the time Registrant filed use-based application Ser. No. 85404792 for the mark VERGE.

61.     In connection with its application for its VERGE Mark filed with the PTO, IFL made the material representations of fact that it used its VERGE Mark in connection with association services.

62.     In a September 27, 2012, Office Action Response filed concerning the VERGE Application, IFL described the services it provides under the mark VERGE and, by not referring to any association services, implicitly conceded it does not provide those services.

63.     The specimen filed with and in support of application for the VERGE Mark does not show IFL's use of the mark VERGE for the association services covered under the application.

64.     At the time Registrant filed its use-based application for the VERGE Mark, IFL knew it was not using the mark VERGE in commerce in connection with the sale or promotion of the association services covered under the application.

65.     IFL failed to disclose these material facts relating to nonuse to the PTO with a deliberate intent to defraud and induce the Office to approve the application for registration.

66.     Notwithstanding IFL's actual knowledge that its mark was not in use for the applied-for association services, IFL declared under penalty of perjury in its application that its mark had been used and was in use in commerce at the time it filed the application.

30

67.     In reasonable reliance on these misrepresentation, the PTO approved IFL's trademark applications for publication and or and issued a registration certificate to IFL for its VERGE Mark.

68.     But for IFL's material false representations as to use and failure to disclose non-use at the time the application was filed, the application would not have been approved and the VERGE Mark registration would not have issued.

69.     By reason thereof, IFL has committed fraud on the PTO.

70.     Vox Media has been injured as a direct and approximate result thereof.

71.     Vox Media seeks a declaration that IFL defrauded the PTO and damages proximately caused by these false material misrepresentations.

72.     Vox Media has no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Vox Media respectfully requests that this Court grant judgment in favor of Vox Media as follows:

a.     Denying IFL as all relief requested in its Complaint in this action;

b.     Dismissing IFL's Complaint with prejudice;

c.     Permanently enjoining Counterclaim Defendants, IFL's officers, Counterclaim Defendants' agents, servants and employees, and all those in active concert or participation with Counterclaim Defendants, from using the trademark VERGE, or any other trademark that is confusingly similar to Vox Media's THE VERGE Marks, on goods and services in interstate commerce;

d.     Awarding Vox Media Counterclaim Defendants' profits, actual damages and costs and reasonable attorneys' fees;

31

e.    Declaring that Vox Media the rightful owner of all right, title and interest in and to the mark VERGE used in connection with Vox Media's Goods and Services;

f.    Cancelling registration of IFL's VERGE Mark with the PTO;

g.    Declaring that IFL has defrauded the PTO and awarding Vox Media damages by reason thereof together in an amount to be assessed as against IFL;

h.    Awarding Vox Media prejudgment interest at the highest legal rate allowed under law;

i.    Directing Counterclaim Defendants to file with this Court within 30 days after the entry of final judgment a written statement, under oath, setting forth in detail the manner in which they have complied with the Judgment of the Court; and

j.      Awarding Vox Media such other and further relief as this Court deems just,

proper and equitable.

Dated:

March 29, 2016

Respectfully Submitted,

By: */s/ Alexandra R. French*_____
Steven M. Badger (No. 16354-49)
Alexandra R. French (No. 32737-29)
BARNES & THORNBURG LLP

11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
steven.badger@btlaw.com
alexandra.french@btlaw.com

James Rosenfeld (*pro hac vice* pending)
George P. Wukoson (*pro hac vice* pending)
DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 603-6455
Facsimile: (212) 489-8340
jamesrosenfeld@dwt.com
georgewukoson@dwt.com

*Attorneys for Defendant and*
*Counterclaim Plaintiff Vox Media, Inc.*

33

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's filing system. Parties may access this filing through the Court's system.

I further certify that on March 29, 2016, a true and accurate copy of the foregoing and an accompanying summons was served on the following via certified mail:

Matt Hunckler
545 E. Westfield Blvd.
Indianapolis, IN 46220

*/s/ Alexandra R. French*

34